# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RYAN PETERSON, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § Civil Action No. 4:24-cv-781 <br> DENTON COUNTY, TEXAS, and § Judge Mazzant <br> SHERIFF TRACY MURPHREE, § <br> Individually and in His Official Capacity, § <br> § <br> *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Denton County and Sheriff Murphree's Motion to Dismiss and Suggestion of Death of Plaintiff Ryan Peterson (Dkt. #15). After review of the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This case arises from Plaintiff's temporary incarceration in Denton County, Texas, and subsequent release. On May 27, 2024, the Lewisville Police Department arrested Plaintiff for felony drug charges and booked him into the Lewisville City Jail (Dkt. #15 at p. 9). The following day, Plaintiff was transferred to the Denton County Jail (Dkt. #15 at p. 9). Due to inmate population levels and staffing ratios, Plaintiff was again transferred to the Johnson County Jail, a "remote location" approximately sixty-eight miles from Denton County (Dkt. #15 at pp. 9–10).

On August 27, 2024, Plaintiff was indicted for "Possession of a Controlled Substance with Intent to Deliver" and, on August 29, 2024, a magistrate judge signed an order authorizing his release on personal bond (Dkt. #15 at p. 10; *see* Dkt. #15-5). Plaintiff submitted his signed personal bond that same day and was released from custody shortly thereafter (Dkt. #15 at pp. 10–11; *see*

Dkt. #15-6). Plaintiff alleges that his transfer to a remote location in Johnson County unconstitutionally delayed his release, citing a note in the magistrate judge's August 27 order that stated "DO NOT PROCESS UNTIL SEPTEMBER 3RD, 2024" (Dkt. #15 at pp. 9–10; Dkt. #14-3 at p. 1). Plaintiff's counsel contacted the magistrate court about the note, and a court administrator responded that transport would not return to Johnson County until that date (Dkt. #15 at p. 10). Nonetheless, Plaintiff was released on August 29, 2024 (Dkt. #15 at p. 9).

On September 27, 2024, Peterson died of a fatal overdose of fentanyl, bromazolam, methamphetamine, and tramadol (Dkt. #15 at p. 11). On November 12, 2024, Plaintiff's underlying criminal case was dismissed, and Denton County authorities notified the state court and Plaintiff's counsel of his death (Dkt. #15 at p. 11). Despite being aware of Plaintiff's death, Plaintiff's counsel filed a Second Amended Complaint on November 20, 2024, without mentioning the death or substituting a representative for now-deceased Plaintiff (Dkt. #15 at pp. 11–12).

On November 23, 2024, Defendants Denton County and Murphree filed a combined Motion to Dismiss and Suggestion of Death (Dkt. #15), asserting both jurisdictional and merits-based grounds for dismissal, including mootness, lack of standing, failure to substitute under Rule 25(a)(1), and failure to state a claim under Rule 12(b)(6). The motion is now ripe for determination. On December 9, 2024, Plaintiff filed his Response contending that his claims are not moot, he has standing, and that his Complaint plausibly alleges constitutional violations sufficient to survive Rule 12(b)(6) dismissal (Dkt. #17). On December 13, 2024, Defendants filed their Reply, reiterating their jurisdictional arguments and asserting the Plaintiff's Complaint remains deficient even if the Court reaches the merits (Dkt. #18). On December 20, 2024, Plaintiff

filed his Sur-Reply, maintaining that jurisdiction is proper and that the factual disputes underlying the merits preclude dismissal at this stage (Dkt. #19). The Motion is now ripe for adjudication.

**LEGAL STANDARD**

I.   **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.     Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

4

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants move to dismiss under Federal Rule of Civil Procedure 25(a)(1), which governs substitution of parties upon death. That rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1).

The purpose of Rule 25(a)(1) is to ensure that litigation proceeds with a proper party in interest. The 90-day deadline begins to run once a formal statement noting death is served on the parties and filed with the Court. *See Chavez v. Wells Fargo Bank, N.A.*, No. 4:23-CV-00413-ALM-BD, 2025 WL 502497, at *1 (E.D. Tex. Feb. 10, 2025), report and recommendation adopted, No. 4:23-CV-00413, 2025 WL 1042565 (E.D. Tex. Apr. 7, 2025). If no motion to substitute is filed within that time, dismissal is mandatory. FED. R. CIV. P. 25(a)(1); *see also*, *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (citing FED. R. CIV. P. 25(a)(1)); *Wilson v. Novartis Pharm. Corp.*, 575 Fed. Appx. 296, 299 (5th Cir. 2014) (same).

Here, the record reflects that Plaintiff died on September 27, 2024 (Dkt. #15 at p. 11). On November 23, 2024, Defendants filed a combined Motion to Dismiss and Suggestion of Death, formally noting Plaintiff's death (Dkt. #15). This filing triggered the 90-day period under Rule 25(a)(1), ending on February 21, 2025 (Dkt. #17 at pp. 4–5). To date—several months later—no party, successor, or representative has filed a motion to substitute. Plaintiff's counsel addresses this setback by stating that "[i]t is believed that Plaintiff's mother's appointment as the proper representative will occur prior to February 21, 2025 whereupon a proper Motion to Substitute will be filed with this Court" (Dkt. #17 at p. 5). But no subsequent filings or evidence have confirmed Plaintiff's mother's status, and the Court cannot make such a determination in the absence of a proper motion.

The language of Rule 25(a)(1) is unambiguous: if no motion to substitute is filed within 90 days after service of a statement noting death, "the action by or against the decedent ***must be dismissed***." FED. R. CIV. P. 25(a)(1) (emphasis added). And this district has routinely held as much (*See* Dkt. #15 at p. 14) (collecting cases finding Rule 25(a)(1) to be dispositive in civil rights cases involving deceased inmate plaintiffs). Because that time period has expired without any substitution, dismissal is required. Accordingly, Defendants' Motion to Dismiss and Suggestion of Death of Plaintiff Ryan Peterson (Dkt. #15) is **GRANTED** on this ground alone. The Court hereby dismisses this action without prejudice for failure to comply with Rule 25(a)(1).[1]

---

[1] This disposition does not address the merits of Plaintiff's claims and does not preclude a proper party, if one exists, from bringing suit in the future subject to applicable statutes of limitation and procedural requirements.

## CONCLUSION

It is therefore **ORDERED** that Defendants Denton County and Sheriff Murphree's Motion to Dismiss and Suggestion of Death of Plaintiff Ryan Peterson (Dkt. #15) is hereby **GRANTED**. The case is hereby **DISMISSED** without prejudice for failure to timely substitute a proper party under Rule 25(a)(1). The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

SIGNED this 12th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE